**FILED**

JAN 1 4 2003



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ROY BANKS )
5114 Stoney Meadow Drive )
Forestville, MD 20747 )
)
)
Plaintiff, )
)
v. )
)
OFFICE OF THE SENATE SERGEANT- )
AT-ARMS and DOORKEEPER )
of the UNITED STATES SENATE ) JURY TRIAL DEMANDED
United States Senate )
Washington, D.C. 20510 )
)
Serve: )

CASE NUMBER   1:03CV00056

JUDGE: Henry H. Kennedy

ROSCOE C. HOWARD, JR.   DECK TYPE: Employment Discrimination
UNITED STATES ATTORNEY
DISTRICT OF COLUMBIA   DATE STAMP: 01/14/2003
555 Fourth Street, N.W.
Washington, D.C. 20001;

**JURY ACTION**

)
)
ALFONSO E. LENHARDT )
OFFICE OF THE SENATE SERGEANT )
AT-ARMS and DOORKEEPER )
of the UNITED STATES SENATE )
United States Senate )
Washington, D.C. 20510 )
)
)
And )
)
JOHN ASHCROFT )
U.S. ATTORNEY GENERAL )
10th Street and Constitution Ave., N.W. )
Washington, D.C. 20530 )
)
Defendant, )
)

---

1

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF ARISING FROM EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE (AFRICAN-AMERICAN); FAILURE TO PROMOTE; DISCRIMINATION IN COMPENSATION; DEPRIVATION OF EMPLOYMENT OPPORTUNITIES, AND SUPPORT; RETALIATION AND UNLAWFUL CLASSIFICATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**

## I. PARTIES AND JURISDICTION

1. This action is brought by plaintiff, Roy Banks, against his employer, the Office of the Sergeant-at-Arms of the United States Senate ("Sergeant at Arms Office" or "SAO").

2. Mr. Banks is an Assistant Manager for Capital Facilities within the SAO.

3. The Sergeant at Arms Office is the largest in size of staff and budget in the Senate. It is responsible for providing to services to the Senate.

4. This is an individual action for declaratory and injunctive relief, compensatory damages, and reasonable attorney's fees and costs arising out of defendant's violations of plaintiff's rights to equal employment opportunity guaranteed under Title VII of the Civil Rights Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et. seq.*, arising from employment discrimination on the basis of race (African-American); discrimination in compensation; deprivation of employment opportunities, and support; failure to provide a safe working environment; retaliation and unlawful classification.

5. Defendant systematically and continuously violated plaintiff's statutory rights during the relevant time period, while plaintiff was employed by the defendant.

6. Defendant systematically and continuously violated plaintiff's constitutional rights during the relevant time period, while plaintiff was employed by the defendant.

## II.   JURISDICTION AND VENUE

7. This court has jurisdiction over plaintiff's claims pursuant to Title IV of the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1301-1438 (2000) ("CAA"). The civil action arises under the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2). The events giving rise to the claim occurred within the District of Columbia during the course of plaintiff's employment. The defendant Office of the Senate Sergeant-At-Arms of the United States Senate is located and operates in the District of Columbia.

## II.   BACKGROUND FACTS

9. Mr. Banks is an African-American male citizen of the United States who has been employed by the SAO for more than nine years.

10. At all times relevant herein, Mr. Banks was employed by the SAO as an Assistant Manager.

11. On or about April 12, 2002, Mr. Banks timely filed a complaint with the Office of Compliance alleging that defendant discriminated against him based on race.

12. Mr. Banks timely brings this action in accordance with section 408 of the CAA and within 90 days of the End of Mediation Notice, dated October 21, 2002, provided by the Office of Compliance.

13. Mr. Banks was caused to suffer physically and mentally due to defendant's actions.

14. In June of 2001 Mr. Banks applied for the position of Manager for the Capitol Facilities with the defendant SAO.

15. At the time of his application Mr. Banks was serving in that manager's position in an acting

capacity and had been for approximately six months.

16. At the time Mr. Banks applied for the manager position he had been performing the duties of the manager's position for more than two years in a highly competent manner.

17. At the time of his application for the manager's position, Mr. Banks had more than twenty years of supervisory experience, including nine years of relevant experience with defendant.

18. Mr. Banks has always been an exemplary employee at SAO and has earned promotions into more responsible positions when the selection criteria were based on merit.

19. On or about March 13, 2002 Mr. Banks was notified that he had not been selected for the manager position.

20. On or about March 13, 2002, Mr. Banks learned that the person selected for the position was a less qualified white male.

21. On or about March 13, 2002 Mr. Banks learned that under any objective criteria, the person selected for the position was less qualified than him and the person selected obviously lacked the relevant experience necessary to perform the duties of the position.

22. Mr. Banks was not selected for the Manager position because he was an African American and the defendant wanted a white person for the position.

23. After earning promotions at the SAO into more responsible positions, Mr. Banks was warned by his supervisor that he would not be further promoted because of his race.

24. Defendant's practice of placing incompetent or less qualified people to supervisory positions for discriminatory reasons has harmed plaintiff's career.

25. The managers hired by the defendant are incapable of giving evaluations based on performance. Those unreasoned evaluations by evaluations of plaintiff have harmed his career.

26. The defendant has a policy of discriminating against African-American men who wish to be promoted into supervisory positions based on merit.

27. The defendant's policies deprive Mr. Banks of career opportunities.

28. As a result of defendant's actions, Mr. Banks has suffered emotional distress, financial losses, and great injuries to his career.

29. The defendant did not use reasonable care in preventing and correcting the offensive, inappropriate, and illegal conduct toward Mr. Banks at the SAO.

30. Mr. Banks suffered a tangible employment action by defendant and its employees.

31. Mr. Banks belongs to a protected group – African American men.

32. Mr. Banks was subject to unlawful discriminatory practices by defendant's employee.

33. Mr. Banks complained of the discrimination which was based on race.

34. The discrimination affected the terms, conditions, and privileges of plaintiff's employment and unreasonably interfered with his work environment.

35. Defendant retaliated against Mr. Banks for bringing his administrative complaint by threatening him with termination of his employment.

36. The defendant knew of the discrimination.

37. The defendant is liable for the unlawful discrimination by its employees.

38. Defendant is liable to Plaintiff for violation of the CAA by unlawfully discriminating against plaintiff on the basis of race (African-American) and by imposing evaluations on him based on unlawful criteria to which his white contemporaries are not subjected.

39. Defendant is liable to Plaintiff for violation of the CAA by unlawfully discriminating against him on the basis of race (African-American) and by refusing to promote him for unlawful reasons.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40.     Plaintiff has exhausted his administrative remedies by completing counseling and mediation with the Office of Compliance as required. Pursuant to 2 U.S.C. §§ 1402, 1403, and 1404(2), Plaintiff files this Complaint on a date 30 days after his receipt of the October 21, 2002 End of Mediation Notice, and within 90 days of his receipt of the October 21, 2002 End of Mediation Notice concerning his allegations that the defendant violated section 201 of the CAA.

## COUNT I

### (UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII)

41.     Plaintiff repeats and incorporates by reference the allegations contained in ¶¶ 1 through 42 above.

42.     Defendant intentionally discriminated against Plaintiff because of his race.

43.     Defendant intentionally discriminated against plaintiff by subjecting him to discriminatory practices with the SAO.

44.     Defendant's discriminatory actions caused plaintiff embarrassment, humiliation, loss of professional respect, loss of business opportunities, and damaged plaintiff's career, causing his salary to stagnate, and lowered Ms. Banks' standing in the community.

## COUNT II

### (UNLAWFUL RACE DISCRIMINATION AND FAILURE TO PROMOTE)

45.     Plaintiff repeats and incorporates by reference all the allegations contained in ¶¶ 1 through 44 above.

46. Mr. Banks was subjected to a continuing pattern of race discrimination and disparate treatment in the SAO's promotion of a less qualified Caucasian to Manager of Capitol Facilities and defendant's refusal to promote plaintiff to Manager of Capitol Facilities, or even to consider plaintiff for promotion because of his race (African-American.

47. The race discrimination by the SAO and SAO staff created an intimidating, hostile, and offensive work environment.

48. The acts committed by managers and/or hiring committee against Mr. Banks were done with the actual and/or constructive knowledge, acquiescence, and/or ratification of defendant. These acts constituted racial discrimination. The SAO intentionally engaged in these unlawful employment policies and practices.

49. Defendant failed to provide a working environment free of race discrimination and harassment in which Mr. Banks could work, as guaranteed to him by the federal anti-discrimination laws and the CAA.

50. As a direct and proximate result of defendant's willful, wanton, reckless, deliberate, intentional, and unlawful violation of plaintiff's statutory rights, defendant wrongfully caused plaintiff to work in a hostile working environment, to lose benefits to which he was entitled, to be deprived him of pay increases, and to lose opportunities for advancement.

**COUNT III**
**(UNLAWFUL DISCRIMINATION AND DEPRIVATION OF EMPLOYMENT OPPORTUNITIES IN VIOLATION OF PLAINTIFF'S STATUTORY RIGHTS)**

51. Plaintiff repeats and incorporates by reference all the allegations contained in ¶¶ 1 through

50 above.

52. Because of Mr. Banks's race, defendant continuously discriminated against him by refusing to accommodate his request for a working environment free from discrimination and by refusing his promotion because of his African-American race.

53. As a result of defendant's actions, Mr. Banks lost benefits and career opportunities both inside and outside the SAO.

## COUNT IV
## (UNLAWFUL DISCRIMINATION AND UNLAWFUL CLASSIFICATION IN VIOLATION OF PLAINTIFF'S STATUTORY RIGHTS)

54. Plaintiff repeats and incorporates by reference all the allegations contained in ¶¶ 1 through 53 above.

55. Mr. Banks was subjected to a continuing pattern of race discrimination by defendant's policy of refusing to allow him to be considered for the Manager for Capitol Facilities position which was limited to Caucasians.

56. The race discrimination by the SAO and the staff created an intimidating, hostile, and offensive work environment.

57. The acts committed by defendant's employees against Mr. Banks were done with the actual and/or constructive knowledge, acquiescence, and/or ratification of defendant The SAO and unlawful classification violates the CAA and Title VII. The SAO intentionally engaged in these unlawful employment practices.

58. Defendant failed to provide a working environment free of race discrimination in which Mr. Banks could work, as guaranteed to him by the CAA and the laws made applicable by the CAA.

59.  As a direct and proximate result of defendant's deliberate, intentional, and unlawful violation of plaintiff's statutory rights, defendant wrongfully caused plaintiff to work in a hostile working environment, lose benefits that he was entitled to, deprived him of pay increases, caused him to lose opportunity for advancement.

60.  These actions constitute unlawful discrimination in violation of Title VII which are made applicable here by the CAA.

## RELIEF REQUESTED

A.  Declare the Defendant's policies and practices described in this complaint exist at the Senate Sergeant at Arms Office and that they are unlawful;

B.  Enjoin the Defendant, its officers, agents, and employees from engaging in discriminatory employment practices and procedures and practices and procedures that operate to discriminate on the basis of race;

C.  Order the Defendant to properly evaluate plaintiff's performance based on lawful criteria;

D.  Order Defendant to promote Plaintiff and provide him with the back pay and bonuses he is entitled to receive;

E.  Award Plaintiff compensatory damages in the amount of $300,000;

F.  Award Plaintiff his costs, expert fees, expenses, and reasonable attorney's fees;

G.  Place Plaintiff in the management position he would occupy but for defendant's discrimination; and

H.    Grant Plaintiff such other and further relief as the Court may consider just and proper.

Respectfully submitted,

*/s/ William P. Farley*
John F. Karl, Jr. 292458
William P. Farley 466280
McDonald & Karl
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues.

*/s/ William P. Farley*
William P. Farley