UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY BANKS,<br>    Plaintiff,<br><br>        v.<br><br>OFFICE OF THE SENATE SERGEANT-<br>AT-ARMS and DOORKEEPER,<br>    Defendant. | Civil Action No.  03-56   (HHK/JMF)<br>Civil Action No.  03-686  (HHK/JMF)<br>Civil Action No.  03-2080(HHK/JMF) |

**MEMORANDUM ORDER**

This case was referred to me by Judge Kennedy for full case management. Currently pending before me is the issue of whether the Office of the Senate Sergeant-at-Arms and Doorkeeper ("SAA" or "defendant") must produce certain documents, claimed to be privileged and submitted for *in camera* review, to Roy Banks ("Banks" or "plaintiff"). For the reasons stated herein and in accordance with this Memorandum Order, the SAA must produce to plaintiff several of the documents submitted for *in camera* review.

**I.      BACKGROUND**

Plaintiff brought this lawsuit alleging that his employer, the SAA, engaged in several unlawful employment actions. See Banks v. Office of the Senate Sergeant at Arms, 222 F.R.D. 7, 9 (D.D.C. 2004). The parties have engaged in substantial litigation regarding discovery. In this memorandum, I resolve the issue of whether certain documents, submitted by the defendant for *in camera* review, can be withheld because they are covered by the work-product doctrine, the attorney-client privilege, or both.

**II.     PRIVILEGES CLAIMED BY THE DEFENDANT**

      **A.      The Work-Product Privilege**

As the Supreme Court has stated, "it is essential [to our adversarial system] that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). If a lawyer's work product were "open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own." Id. at 511.

In light of these important interests, Federal Rule of Civil Procedure 26(b)(3) and the work-product doctrine provide that materials prepared in anticipation of litigation or for trial by an attorney or a party are protected from disclosure, and they may be subject to discovery only upon a showing of substantial need and inability to obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3). In addition, the court must protect the "mental impressions, conclusions, opinions, or legal theories of an attorney." Id. See also Tax Analysts v. Internal Revenue Serv., 117 F.3d 607, 619 (D.C. Cir. 1997). These materials, known as opinion work product, "are entitled to special protection and require a stronger showing of necessity to justify release . . . although the precise contours of this showing have not been resolved." Byers v. Burleson, 100 F.R.D. 436, 439 (D.D.C. 1983) (citing Fed. R. Civ. P. 26(b)(3) and Upjohn Co. v. United States, 449 U.S. 383, 400- 01 (1981)). See also In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988).

In reviewing documents claimed to be protected by the work-product privilege, the court must determine "whether, in light of the nature of the document or the factual situation in a particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." Equal Employment Opportunity Comm'n v. Lutheran Soc. Servs., 186 F.3d 959, 968 (D.C.Cir.1999) (emphasis added). See also Willingham v. Ashcroft, Civ. A. No.

02-1972, 2005 WL 873223, at *2 (D.D.C. Apr. 15, 2005).  As I have recently noted,

> [t]o be protected by the work-product doctrine, a document must have been created for use at trial or because a lawyer or party reasonably anticipated that specific litigation would occur and prepared the document to advance the party's interest in the successful resolution of that litigation.  Motivation is key.  In ways that cannot often be foreseen when they are created, documents may prove useful in litigation because they record an event or memorialize an occurrence.  But, their creation at a time when litigation was anticipated does not automatically render them privileged.  The purpose of preparing for the anticipated litigation is critical, lest the rule be interpreted to protect everything a lawyer or party does when litigation is anticipated even though the lawyer or party did not create the document to advance the client's interest in the litigation.

Willingham, 2005 WL 873223, at *2.  Hence, if the same or essentially similar documents would have been created whether or not litigation was foreseen, "'it [cannot] fairly be said that they were created 'because of' actual or impending litigation.'"  Id. (quoting United States v. Adlman, 134 F.3d 1194, 1202-03).

      B.      The Attorney-Client Privilege

In this Circuit, "the attorney-client privilege is narrowly circumscribed to shield from disclosure only those communications from a client to an attorney made in confidence and for the purpose of securing legal advice."  Willingham, 2005 WL 873223, at *6 (quoting Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 200, 204 (D.D.C. 1998)).  See also Tax Analysts, 117 F.3d at 618; In re Sealed Case, 737 F.2d 94, 98 (D.C. Cir. 1984).  The privilege also applies to communications from attorneys to their clients if the communications "'rest on confidential information obtained from the client.'"  Tax Analysts, 117 F.3d at 618 (quoting In re Sealed Case, 737 F.2d at 99 and citing Mead Data Central, Inc. v. United States Dep't of Air Force, 566 F.2d

242, 254 (D.C. Cir. 1977)).

### III. SPECIFIC ISSUES REGARDING SUBSETS OF THE DOCUMENTS

#### A. Documents Revealing How Counsel Investigated the Case and Prepared the Government's Defense

Many of the documents submitted for *in camera* review concern a matter that defense counsel investigated when developing the facts of the case and preparing its defense. These documents were clearly prepared because of the prospect of litigation, and they reveal counsel's mental impressions and litigation strategy. Accordingly, the documents that reflect the process by which defense counsel prepared this case constitute highly protected opinion work product. Defendant's claim of work-product privilege is sustained, and defendant need not produce these documents. In the chart summarizing my rulings on each document submitted for *in camera* review, these materials are identified by the terms "Case Investigation and Preparation."

#### B. Jane and John Doe Documents

Several documents submitted for *in camera* review concern SAA employees other than Banks and the individuals who made decisions concerning the terms of his employment. Indeed, most of these documents memorialize conversations with and about a certain SAA employee, whom I shall call Jane Doe I. Other documents concern SAA employees to whom I will refer as Jane Doe II, Jane Doe III, John Doe I, and John Doe II.

For many of these documents, the defendant claims the work-product privilege. But, neither on the face of the documents nor in the privilege log is there any showing that the documents were created because of the prospect of litigation by Banks or anyone else. Without such a showing, any claim of work-product privilege simply cannot be sustained.

For the majority of these documents, the SAA has also claimed the attorney-client privilege. An analysis of the Jane Doe I documents reveals that the materials fall into two categories. In the first group are documents that reflect communications between the client (the SAA) and its counsel when the SAA sought legal advice regarding how to handle Jane Doe I's continued use–and possible abuse–of her sick and disability leave. A review of these documents indicates that the SAA intended the communications to be confidential, at least while the government made a determination as to whether to take disciplinary or other action. This group of documents, in which the client specifically seeks legal guidance with the understanding that its communications are confidential, is clearly protected under the attorney-client privilege.

The second group of materials concerns the same situation. However, each of these materials does not, on its face, disclose that the client sought or an attorney rendered specific legal advice. Rather, in these documents, the SAA recounts facts so that its counsel may continue to be apprised of the developing situation and the SAA may receive continued advice from its attorneys. If the court were to deny the privilege as to these documents, it would reveal the nature of the guidance SAA sought from its counsel and, in effect, nullify the privilege that the court sustained as to the first group. Indeed, when read as a whole, it is clear that these communications were intended to be confidential and were part of the process by which the SAA sought legal advice from counsel. Indeed, "[i]t is not essential . . . that [a] request for advice be express. Client communications intended to keep the attorney generally apprised of continuing business developments, with an implied request for legal advice thereon . . . may also be protected." Hercules, Inc. v. Exxon Corp., 434 F. Supp. 136, 144-45 (D. Del. 1977). In addition, although "it is essential that communications between client and attorney deal with legal

assistance and advice in order to be privileged, it is not essential that such requests by the client for legal advice be expressed. . . . [Rather,] there must be a finding that each document is involved in the rendition of legal assistance." Burlington Indus. v. Exxon Corp., 65 F.R.D. 26, 37-39 (D. Md. 1974). Because it can fairly be said that the documents in the second group were created to keep SAA's counsel apprised of the very situation about which the SAA sought legal assistance, the SAA's claim of attorney-client privilege, as to the second group of documents, is sustained.

  C.  **Chart and Abbreviated Notations**

In the interest of clarity, I have included in this memorandum two charts. The first summarizes various abbreviations I have used to describe my analysis of the materials. The second lists each document submitted for *in camera* review and my rulings on each privilege claim.

| Abbreviated Notation | Explanation |
| --- | --- |
| Not for Trial | Based on information provided by defendant, the document cannot fairly be said to have been prepared or obtained because of the prospect of litigation or for trial. Defendant's claim of work-product privilege is denied. |
| Opinion Work Product | Document can fairly be said to have been prepared for trial or in anticipation of litigation, and it reflects counsel's mental impressions. Defendant's claim of work-product privilege is sustained. |
| Ordinary Work Product | Document can fairly be said to have been prepared for trial or in anticipation of litigation, but it does not reflect counsel's mental impressions. Defendant's claim of work-product privilege is sustained, but plaintiff will have the opportunity to make a showing of substantial need and undue hardship. |

| | |
|---|---|
| Not Confidential | Document does not disclose information that the client intended to be confidential. Defendant's claim of attorney-client privilege is denied. |
| Confidential and Seeks Legal Advice | Document reflects communications that the client intended to be confidential and that were made for the purposes of seeking legal advice. The attorney-client privilege is sustained. |
| Case Investigation and Preparation | These documents reveal the manner in which defense counsel investigated and prepared the government's defense. The documents were prepared in anticipation of litigation and reveal counsel's mental impressions and litigation strategy. Defendant's claim of work-product privilege is sustained. |
| Jane Doe I, Jane Doe II, Jane Doe III, John Doe I, or John Doe II | These documents relate to SAA employees other than Banks. Defendant has failed to indicate whether these documents were prepared for trial or in anticipation of litigation, either because they are related to the instant case or to adversarial proceedings involving other employees. Because defendant failed to make a sufficient showing that these documents qualify as work product, the claim of work-product privilege is denied. However, these documents do reflect confidential communications made from a client (the government) to its attorney (defense counsel). Therefore, where the attorney-client privilege has been claimed, the privilege is sustained. |

| **Bates #** | **Privilege Claimed** | **Ruling** | **Reason** |
|---|---|---|---|
| RB 001735 | Attorney-client<br>Work-product | Denied<br>Denied | Not Confidential<br>Not for Trial |
| RB 001793 | Attorney-client<br>Work-product | Denied<br>Denied | Not Confidential<br>Not for Trial |
| RB 001808 | Attorney-client<br>Work-product | Denied<br>Denied | Not Confidential<br>Not for Trial |
| RB 001885 | Attorney-client<br>Work-product | Denied<br>Denied | Not Confidential<br>Not for Trial |
| RB 002004 | Attorney-client<br>Work-product | Denied<br>Denied | Not Confidential<br>Not for Trial |
| RB 002012 | Attorney-client<br>Work-product | Denied<br>Sustained | Not Confidential<br>Ordinary Work Product |

| RB 002408 | Attorney-client Work-product | Denied Sustained | Not Confidential Ordinary Work Product |
|---|---|---|---|
| RB 002501 | Attorney-client | Denied | Not Confidential |
| RB 002502 | Attorney-client | Denied | Not Confidential |
| RB 002538 | Attorney-client | Denied | Not Confidential |
| RB 002541 | Work-product | Denied | While technically prepared in anticipation of litigation, the document recounts conversations with plaintiff's counsel regarding the Initial Scheduling Conference. The court will not sustain defendant's claim of work product as to this document because to do so would trivialize the privilege. |
| RB 002557 | Attorney-client | Denied | Not Confidential |
| RB 003049 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003050-RB 003051 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003056-RB 003058 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003060-RB 003062 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003066 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003067 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003068 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003095 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003096 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003111 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003112 | Work-product | Sustained | Case Investigation and Preparation |
| RB 002417 | Work-product | Denied | Not for Trial |
| RB 002993-RB 002994 | Work-product | Sustained | Opinion Work Product |

| | | | |
|---|---|---|---|
| RB 003113-RB 003122 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003123 | Work-product | Sustained | Case Investigation and Preparation |
| RB 003129-RB 003131 | Work-product | Sustained | Opinion Work Product |
| RB 003687 | Work-product | Sustained | Opinion Work Product |
| RB 003738 | Attorney-client | Denied | Not Confidential |
| RB 003757 | Attorney-client Work-product | Denied Denied | Not Confidential Insufficient showing of whether this draft letter to an unnamed individual was prepared in anticipation of litigation |
| RB 004186-RB 004187 | Work-product | Sustained | Opinion Work Product |
| RB 004604-RB 004608 | Attorney-client Work-product | Denied Sustained | Case Investigation and Preparation |
| RB 004612 | Work-product | Sustained | Opinion Work Product |
| RB 006235-RB 006239 | Work-product | Sustained | Case Investigation and Preparation |
| RB 007037 | Attorney-client Work-product | Denied Sustained | Case Investigation and Preparation |
| RB 007038-RB 007040 | Work-product | Sustained | Case Investigation and Preparation |
| RB 007041-RB 007042 | Work-product | Sustained | Case Investigation and Preparation |
| RB 007043 | Work-product | Sustained | Case Investigation and Preparation |
| RB 007044 | Attorney-client Work-product | Denied Denied | Not Confidential Not for Trial |
| RB 008418 | Work-product | Denied | Not for Trial |
| RB 004188-RB 004193 | Work-product | Sustained | Opinion Work Product |
| RB 008542-RB 008543 | Attorney-client Work-product | Sustained Denied | Jane Doe I |

| RB 008552-RB 008554 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
|---|---|---|---|
| RB 008559-RB 008562 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008563-RB 008564 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008570 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008587 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008588-RB 008589 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008592 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008593 | Attorney-client | Sustained | Jane Doe I |
| RB 008594 | Attorney-client | Sustained | Jane Doe I |
| RB 008626 | Attorney-client | Sustained | Jane Doe I |
| RB 008627 | Attorney-client | Sustained | Jane Doe I |
| RB 008663 | Attorney-client | Sustained | Jane Doe I |
| RB 008907-RB 008908 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008909 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008558 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008919 | Attorney-client | Denied | Not Confidential |
| RB 008925 | Attorney-client | Denied | Not Confidential |
| RB 008928-RB 008930 | Work-product | Denied | Jane Doe II |
| RB 008931-RB008932 | Work-product | Denied | Jane Doe II |

| | | | |
|---|---|---|---|
| RB 008941 | Attorney-client<br>Work-product | Denied<br>Sustained | Case Investigation and Preparation |
| RB 008942 | Work-product | Sustained | Case Investigation and Preparation |
| RB 008944 | Attorney-client | Denied | Not Confidential |
| RB 008956 | Work-product | Denied | Jane Doe III |
| RB 008957-<br>RB 008962 | Work-product | Denied | John Doe I |
| RB 009415 | Attorney-client<br>Work-product | Denied<br>Sustained | Case Investigation and Preparation |
| RB 009416 | Attorney-client<br>Work-product | Denied<br>Sustained | Case Investigation and Preparation |
| RB 009417-<br>RB 009419 | Attorney-client<br>Work-product | Denied<br>Sustained | Case Investigation and Preparation |
| RB 012245 | Attorney-client | Sustained | John Doe II |
| RB 013332 | Attorney-client | Denied | Not Confidential |
| RB 013352-<br>RB 013353 | Work-product | Sustained | Opinion Work Product |
| RB 013451-<br>RB 013452 | Work-product | Sustained | Case Investigation and Preparation |
| RB 013714 | Work-product | Sustained | Case Investigation and Preparation |
| RB 013793 | Attorney-client<br>Work-product | Sustained<br>Sustained | Confidential and Seeks Legal Advice<br>Opinion Work Product |
| RB 013794 | Attorney-client<br>Work-product | Denied<br>Sustained (in part) | Not Confidential<br>Opinion Work Product (in part)[1] |
| RB 013804 | Work-product | Sustained | Opinion Work Product |
| RB 013805 | Work-product | Sustained | Opinion Work Product |
| RB 013806-<br>RB 013812 | Work-product | Sustained | Opinion Work Product |

---

[1] The first sentence of the second paragraph is opinion work product. Therefore, the document must be produced, but only after that sentence has been redacted.

11

| | | | |
|---|---|---|---|
| RB 013813-<br>RB 013823 | Work-product | Sustained | Opinion Work Product |
| RB 013824-<br>RB 013828 | Work-product | Sustained | Opinion Work Product |
| RB 013829-<br>RB 013830 | Work-product | Sustained | Opinion Work Product |
| RB 013863-<br>RB 013864 | Work-product | Sustained | Opinion Work Product |
| RB 013865-<br>RB 013866 | Work-product | Sustained | Opinion Work Product |
| RB 013873-<br>RB 013874 | Attorney-client<br>Work-product | Denied<br>Sustained (in part) | Not Confidential<br>Opinion Work Product (in part)[2] |
| RB 013875-<br>RB 013878 | Work-product | Sustained | Opinion Work Product |
| RB 013879-<br>RB 013880 | Attorney-client | Sustained | Confidential and Seeks Legal Advice |
| RB 014815-<br>RB 014816 | Attorney-client | Denied | Not Confidential |
| RB 014937 | Work-product | Sustained | Opinion Work Product |
| RB 014939-<br>RB 014940 | Work-product | Sustained | Opinion Work Product |
| RB 015144 | Attorney-client | Denied | Not Confidential |
| RB 015147 | Work-product | Sustained | Ordinary Work Product |
| RB 008476 | Work-product | Denied | Jane Doe I |
| RB 008439 | Attorney-client | Sustained | Jane Doe I |
| RB 008477 | Attorney-client<br>Work-product | Sustained<br>Denied | Jane Doe I |
| RB 008478 | Attorney-client<br>Work-product | Sustained<br>Denied | Jane Doe I |

---

[2] The first sentence of the second paragraph is opinion work product. Therefore, the document must be produced, but only after that sentence has been redacted.

| RB 008483 | Work-product | Denied | Jane Doe I |
|---|---|---|---|
| RB 008487 | Attorney-client | Sustained | Jane Doe I |
| RB 008488-RB 008490 | Work-product | Denied | Jane Doe I |
| RB 008491-RB 008493 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008499 | Attorney-client | Sustained | Jane Doe I |
| RB 008507 | Attorney-client | Sustained | Jane Doe I |
| RB 008508 | Attorney-client | Sustained | Jane Doe I |
| RB 008509 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008510 | Attorney-client | Sustained | Jane Doe I |
| RB 008511 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008512 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008479 | Attorney-client | Sustained | Jane Doe I |
| RB 008480 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008481 | Attorney-client | Sustained | Jane Doe I |
| RB 008482 | Attorney-client | Sustained | Jane Doe I |
| RB 008484 | Attorney-client | Sustained | Jane Doe I |
| RB 008485 | Attorney-client | Sustained | Jane Doe I |
| RB 008486 | Attorney-client | Sustained | Jane Doe I |
| RB 008494 | Attorney-client | Sustained | Jane Doe I |
| RB 008495 | Attorney-client | Sustained | Jane Doe I |
| RB 008496 | Attorney-client | Sustained | Jane Doe I |
| RB 008497 | Attorney-client Work-product | Sustained Denied | Jane Doe I |

| | | | |
|---|---|---|---|
| RB 008498 | Attorney-client | Sustained | Jane Doe I |
| RB 008500 | Attorney-client | Sustained | Jane Doe I |
| RB 008502 | Attorney-client | Sustained | Jane Doe I |
| RB 008503 | Attorney-client | Sustained | Jane Doe I |
| RB 008504 | Attorney-client | Sustained | Jane Doe I |
| RB 008505 | Attorney-client | Sustained | Jane Doe I |
| RB 008506 | Attorney-client | Sustained | Jane Doe I |
| RB 008513 | Attorney-client | Sustained | Jane Doe I |
| RB 008443-RB 008444 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008445 | Attorney-client | Sustained | Jane Doe I |
| RB 008446 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008447 | Attorney-client | Sustained | Jane Doe I |
| RB 008448 | Work-product | Denied | Jane Doe I |
| RB 008449 | Work-product | Denied | Jane Doe I |
| RB 008455-RB 008456 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008457 | Attorney-client | Sustained | Jane Doe I |
| RB 008458 | Attorney-client | Sustained | Jane Doe I |
| RB 008459 | Attorney-client | Sustained | Jane Doe I |
| RB 008460 | Attorney-client | Sustained | Jane Doe I |
| RB 008461 | Attorney-client | Sustained | Jane Doe I |
| RB 008462 | Attorney-client | Sustained | Jane Doe I |
| RB 008465 | Attorney-client | Sustained | Jane Doe I |
| RB 008467 | Attorney-client Work-product | Sustained Denied | Jane Doe I |

| | | | |
|---|---|---|---|
| RB 008468 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008469-RB 008470 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008471 | Attorney-client work product | Sustained Denied | Jane Doe I |
| RB 008472 | Attorney-client | Sustained | Jane Doe I |
| RB 008473 | Attorney-client | Sustained | Jane Doe I |
| RB 008474 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008475 | Attorney-client Work-product | Sustained Denied | Jane Doe I |
| RB 008441 | Work-product | Denied | Jane Doe I |
| RB 008451 | Attorney-client | Sustained | Jane Doe I |
| RB 008452 | Attorney-client | Sustained | Jane Doe I |
| RB 008453 | Attorney-client | Sustained | Jane Doe I |
| RB 008454 | Attorney-client | Sustained | Jane Doe I |
| RB 008463 | Attorney-client | Sustained | Jane Doe I |
| RB 008464 | Attorney-client | Sustained | Jane Doe I |
| RB 008466 | Attorney-client | Sustained | Jane Doe I |
| RB 014230-RB 014236 | Work-product | Sustained | Opinion Work Product |
| RB 014241-RB 014247 | Work-product | Sustained | Opinion Work Product |
| RB 014263-RB 014269 | Attorney-client Work-product | Sustained as to work product | Opinion Work Product |
| RB 014289-RB 014290 | Attorney-client Work-product | Sustained as to work product | Opinion Work Product |
| E-mail from Pence dated 5/28/04 | Work-product | Sustained | Opinion Work Product |

| | | | |
|---|---|---|---|
| Memo to file dated 7/15/03 | Work-product | Sustained | Opinion Work Product |
| Memo to file dated 7/25/03 | Work-product | Sustained | Opinion Work Product |

### III. CONCLUSION

For the reasons stated herein, the defendant is, hereby, **ORDERED** to, within 10 days of this Memorandum Order, produce all of the documents as to which its claim of privileges have been denied. As to those documents for which the court has sustained the claims of privilege in part, defendant shall produce redacted versions of the materials to plaintiff. For documents determined to be ordinary work product, the court has provided a more detailed description than appears in the privilege log so that plaintiff, if he chooses, may articulate his substantial need for the materials and his inability to secure the substantial equivalent without undue hardship.[3] Any such showing must be made, in writing, by May 16, 2005. Defendant may respond by May 23, 2005. The court notes that these documents are hardly earth-shattering in their significance and hopes that, in a case in which so much money has already been spent on discovery, the parties can work together to determine whether additional litigation over these three documents is in anyone's interest.

**SO ORDERED.**

Dated:                                                                                   _____
                                                                                          JOHN M. FACCIOLA
                                                                                          UNITED STATES MAGISTRATE JUDGE

---

[3] These descriptions appear in Appendix A.

16

# Appendix A

The following contains a description of all the documents found to be ordinary work product.

| RB 002012 | This document is a memorandum from Catherine Brooks ("Brooks"), Administrator, Senate Workers' Compensation Program, to Brenda Pence, Senior Counsel.  The memorandum concerns an inventory log that Brooks received from S.R. |
|---|---|
| RB 002408 | This document is an email from Claudia Kostel to Jean McComish.  It concerns how to follow up with Banks regarding his FMLA forms. |
| RB 015147 | This document is an email from Brenda Pence to Kathleen Joseph.  It concerns Banks' appeals of his workers' compensation claims. |