UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROY BANKS,** | ) | |
| **Plaintiff,** | ) | Civil No.: 03CV0056 (HHK)(JMF) |
| | ) | 1:03CV00686 (HHK/JMF) |
| | ) | 1:03CV02080 (HHK/JMF) |
| **v.** | ) | |
| | ) | |
| **OFFICE OF THE SENATE SERGEANT-** | ) | |
| **AT-ARMS and DOORKEEPER** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR CLARIFICATION**

**and Memorandum of Law in Support Thereof**

On May 5, 2005, the Court ordered plaintiff to "file redacted versions of these pleadings and their attachments and shall designate these documents as such. The redacted versions and exhibits shall use the same initials used by the court in the Memorandum Opinion filed this same day." Pursuant to local rule 7(m) counsel conferred via telephone and letter and defendant does not oppose this motion.

Many of the exhibits to the pleadings at issue are not confidential. For instance, S.R.'s deposition transcript has been filed on numerous occasions by Defendant. *See, e.g.* Defendant's April 2, 2004 Motion for Summary Judgment, Exhibit G. Defendant only moved to seal documents Bates stamped 2137-2160. The Court order plaintiff to redact hundreds of pages of documents.

**IT IS EXPENSIVE TO REDACT DOCUMENTS THAT ARE NOT PRIVILEGED**

To force plaintiff to bear the whole cost for redacting documents that are not subject to the

confidentiality order of this Court would be a hardship on a civil rights plaintiff. Creating a financial hardship could deter other attorneys from accepting civil rights cases. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 fn. 6 (1989) "hardship could well deter otherwise willing attorneys from accepting complex civil rights cases that might offer great benefit to society at large; this result would work to defeat Congress' purpose in enacting § 1988 of "encourag[ing] the enforcement of federal law through lawsuits filed by private persons."

In order to comply with the Court's order, which required compliance within 10 days, Banks legal representatives were required to redact the filings and prepare documents to file under seal took a tremendous amount of time and money. Banks has complied with all aspects of this Court's order with the exception of redacting the exhibits.

Banks requests that the Court's May 5, 2005 order be modified so that the only documents that he must redact are the ones that concern the Defendant's June 2003 investigation of the SAA managers and supervisors. Those were the only documents that the defendant requested be sealed.

**WHEREFORE**, Banks respectfully moves this Court to reconsider its order that Banks redact non-confidential documents. Banks requests that he be required only to redact the documents Bates stamped 2137-2160 which concern the investigation that was conducted by Defendant's employees in June, 2003.

Respectfully submitted,

  /s/ William P. Farley
William P. Farley #466280
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROY BANKS,** | ) | |
|       **Plaintiff,** | ) | Civil No.: 03CV0056 (HHK)(JMF) |
| | ) | 1:03CV00686 (HHK/JMF) |
| | ) | 1:03CV02080 (HHK/JMF) |
|       v. | ) | |
| | ) | |
| **OFFICE OF THE SENATE SERGEANT-** | ) | |
| **AT-ARMS and DOORKEEPER** | ) | |
| | ) | |
|       **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion for Clarification, the memorandum of points and authorities in support thereof, the Defendant's opposition, if any, thereto, Plaintiff's Reply and the record herein, it is the ___ day of _____ 2005 hereby:

**ORDERED** that the Plaintiff's motion be and hereby is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall only be required to redact the documents Bates stamped 2137-2160 which concern the investigation that was conducted by Defendant's employees in June, 2003.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Copies to:

William P. Farley 466280
McDonald & Karl
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
Counsel for Plaintiff


Matthew D. Keiser, Esquire
Senate Senior Counsel for Employment
Office of the Senate Chief Counsel for Employment
Suite SH-103
Washington, D.C. 20510-7130
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for Clarification was served on defendant by the Court's Electronic Filing System, on this 18th day of May 2005

                Matthew D. Keiser, Esquire
                Senate Senior Counsel for Employment
                Office of the Senate Chief Counsel for Employment
                Suite SH-103
                Washington, D.C. 20510-7130
                Counsel for Defendant

                /s/ William P. Farley
                William P. Farley 466280
                McDonald & Karl
                900 17th Street, N.W., Suite 1250
                Washington, D.C. 20006
                (202) 293-3200 (telephone)
                (202) 429-1851 (fax)
                Counsel for Plaintiff