UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY BANKS,<br><br>             Plaintiff,<br><br>v.<br><br>OFFICE OF THE SENATE SERGEANT-<br>AT-ARMS and DOORKEEPER,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No.: 03CV0056 (HHK)(JMF)<br>)   1:03CV00686 (HHK/JMF)<br>)   1:03CV02080 (HHK/JMF) |

### PLAINTIFF'S RULE 37 MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**And Memorandum of Points and Authorities in Support**

Banks respectfully requests this Court to enter an Order compelling the Sergeant at Arms to provide documents on the attached privilege log.[1]  The documents have been identified as handwritten notes authored by Jean McComish.  The privilege claimed is "work product."  However, on June 27, 2005 Jean McComish provided testimony that is inconsistent with any "work product" privilege claim for those documents that were **not** prepared in anticipation of litigation.

Pursuant to LCvR 7(m)  Plaintiff requested Defendant's Consent to this motion and did not receive that consent.  Plaintiff has attempted to obtain the information he requested in his Request for Production of Documents from other sources.  A drat order is attached.

### BACKGROUND

As provided to the Court earlier, Plaintiff's has made valid requests for the documents at

---

[1] A copy of the Defendant's Privilege Log is Attached here as Exhibit "A."

issue. For instance, Plaintiff's January 12, 2004 Third Request for the Production of Documents, Number 5 sought: "All documents relating to any complaints of discrimination or harassment committed by the defendant, his employees, or agents." Number 27: "All documents related to allegations of discrimination by the defendant made by employees, customers, vendors or others."

Recently produced evidence shows that S.R. was the actual target of the June 26, 2003 investigation. June 29, 2005 deposition transcript of M.K. ("M.K. Dep."), pg. 25-26. A copy of the redacted M.K. Dep. is attached here as Exhibit "B." **(McComish told you that the "the investigation was targeting [S.R]. . . . [answer] yes.")**. Second, that the June 26, 2003 investigation was targeting S.R., **and could not have been targeting M.K.'s statement because the SAA did not know of her statement when they commenced the June 26, 2003 investigation.**

To confuse the Court and plaintiff, the SAA has collapsed two separate investigations, the June 26, 2003 and the June 27, 2003, into one that they have referred to as the "June investigation." That made the Magistrate's May 4, 2005 decision incomplete because the true facts were not considered by the magistrate. The Magistrate Judge's ruling was based on finding that "defendant has explained that the investigation itself was made to determine whether M.K., not S.R., had made racially discriminatory statements. In support, defendant attaches the declarations of both Pence and McComish." *Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper*, 2005 WL 1074329, *4 (D.D.C. 2005). A copy of the Magistrate's decision is attached here as Exhibit "C." Now, McComish has admitted under oath that she only investigated M.K.'s statement on June 27, 2003 after she learned of the statement during her June 26, 2003 investigation of S.R. and the Facilities Managers.

McComish was caught during her deposition by her own admission that the M.K. statement

that she was investigating was reported to her during her investigation of S.R. and the other Facilities managers and supervisors on June 26, 2003:

> 19   Q   I'd like to refer you to Exhibit 8.  Do you
> 20   see where it says 6/27 [M.K.]?
> 21   A   Yes.
> 22   Q   And says 7:20?
> 0077
> 1    A   Yes.
> 2    Q   Right below it it says **"It's been reported [on June 26, 2003] to**
> 3    **_me_ [Jean McComish] that you have made a statement that [S.R.] prefers to**
> 4    **hire Hispanics because they are more subservient."**  Do
> 5    you see that?
> 6    A   Yes.
> 7    Q   Did you tell that to [M.K.]?
> 8    A   That's the question roughly that I posed to
> 9    her.
> 10   Q   Now, that wasn't one of the two questions you
> 11   were charged with asking [on June 26, 2003], is that correct?
> 12   A   Correct.
> 13   Q   Is that one of the questions you came up
> 14   with?
> 15   A   It's a question I asked subsequently of
> 16   [M.K.] on the 27th [of June 2003]. "It's been reported to be [me -Jean McComish on June 26, 2003]
> 17   that you made a statement that [S.R.] favors hiring
> 18   Hispanics because they are more subservient or that you
> 19   think that [S.R.] favors hiring Hispanics because he
> 20   thinks they are more subservient." . . .
>
> 8    A   On Exhibit 1, page 3, **[on June 26, 2003] [K.C.] said to me**
> 9    **that [M.K.] had told her that [S.R.] had favored hiring**
> 10   **a Hispanic male over a black male.**

June 27, 2005 deposition transcript of Jean McComish ("McComish Dep."), pg. 76-77, 90 (Emphasis added).  A copy of the whole deposition is attached here as Exhibit "D."

3

Thus, the Magistrate did not consider that the June 26, 2003 investigation could not have been targeting M.K.'s statement because the SAA did not know of M.K.'s statement prior to commencing the June 26, 2003 investigation into S.R. and the other Facilities managers and supervisors. K.C. testified that she only told McComish about M.K.'s statement.[2]

The Magistrate made his May 4, 2005 ruling believing "Indeed, McComish's handwritten notes, which were produced in March 2005, indicate that she asked some follow-up questions specifically about S.R., **but there is no evidence that the investigation was conducted, initially or primarily, to inquire into S.R.'s behavior**." *Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper*, 2005 WL 1074329 (D.D.C. May 04, 2005).

**ARGUMENT**

The SAA has not provided sufficient facts to show that there are any privileges available to deny Banks the documents on the privilege log. *F. T. C. v. TRW, Inc.*, 628 F.2d 207, 213 (D.C.Cir. 1980) ("Where, as here, we have not been provided with sufficient facts to state with reasonable certainty that the privilege applies, this burden is not met.")

Defendant has the burden of demonstrating the applicability of their claimed privileges to the documents at issue. *U.S. v. Legal Services for New York City*, 249 F.3d 1077, 1081(D.C.Cir. 2001) ("as always the burden of demonstrating the applicability of the privilege lies with those asserting it."); *In re Lindsey*, 158 F.3d 1263, 1270 (D.C.Cir. 1998) ("It is settled law that the party claiming the privilege bears the burden of proving that the communications are protected."); *See, also In re*

---

[2] K.C. testified: "Other than Jean McComish, did you tell anyone else that [M.K.] had stated that [S.R.] preferred to hire Hispanics because they were subservient? . . . [answer] Not that I can recall." June 28, 2005 deposition transcript of K.C. ("K.C. Dep."), pg. 38. A copy of the relevant pages of the K.C. Dep. is attached here as Exhibit "E."

*Grand Jury Subpoena Dtd. January 4, 1984,* 750 F.2d 223, 224 (2nd Cir.1984) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.") "The proponent must conclusively prove each element of the privilege." *SEC v. Gulf & Western Industries*, 518 F.Supp. 675, 682 (D.D.C.1981)**.**

First, Defendant is required to demonstrate, with evidence short of revealing privileged information, that the documents would reveal privileged information. "That burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." *In re Bonanno,* 344 F.2d 830, 833 (2nd Cir.1965). Defendant fails to satisfy its burden because there has been no showing that each of the documents would invade a privilege. *Tarkowski v. Pennzoil Co.*, 100 F.R.D. 37 (N.D.Ill. 1983) (Must satisfy burden).

Defendant has made no showing that there are privileges available for the specific documents at issue. The SAA has not satisfied the requirements of Fed.R.Civ.P. 26(b)(5). Bald assertions do not suffice. The work-product privilege restricts the availability of relevant information, thus, the privilege should apply only apply in limited circumstances, such as to protect disclosures made to obtain legal advice which would not have been made without the privilege.

### The Work Product Privilege

This Court has already provided the parties in this matter the correct analysis to determine whether a work product privilege is available to the SAA in this situation. *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 1, 3-4 (D.D.C. 2004). First, "the mental impressions, conclusions, opinions or legal theories of an attorney concerning the litigation are never to be disclosed." *Id.* (Citations and quotations omitted). Second, "[q]uestions of a witness that would disclose counsel's

mental impressions, conclusions, opinions or legal theories may be interdicted to protect intangible work product." *Id.* (Citations and quotations omitted).  Neither applies here.

"The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981).  There is nothing in Jean McComish's notes that fit within this privilege.

### A. There is No Work-Product Privilege for McComish's Notes

For a work-product privilege the Defendant is required to show much more than they have on their privilege log.  Defendant claims that the SAA received a complaint of M.K.'s statement prior to June 26, 2003.  M.K. stated that S.R. was discriminating against African-Americans and in favor of Hispanics.  However, there have been no documents produced to support the Defendant's position.  McComish's notes could shed some light on this matter.

McComish testified that there was no litigation planned and she was not asking for any legal advice.  In fact, McComish testified that she could not recall any legal advice concerning these documents:

```
 1       Q  Did you ask Miss Pence any legal advice
 2    concerning this investigation?
 3       A  That's still attorney-client privileged.
 4       Q  No.  You can answer that question.
 5         MR. KEISER:  If you remember, you can answer
 6    that one question.
 7       A  And the question was again did I ask Miss
 8    Pence any legal --
 9       Q  Did you ask her legal advice concerning this
10    investigation?
11       A  I don't recall. . . .
                    [107]
 2       Q  As you testify here today, is there any legal
 3    advice that you can tell me about that you asked Miss
 4    Pence?
```

>           5        A   I don't recall.

McComish Dep., pg. 106, 107.

Plaintiff tried to find out if these documents were sent to an attorney, but was denied:

>           22           MR. KEISER: I'm going to object to this line
>      0024
>
>           2        Q   What did you do with the results of this
>           3    investigation?
>           4        A   Kept them in my computer.
>           5        Q   You didn't talk to anybody about them?
>           6        A   I don't recall.
>           7        Q   Did Doug Fertig say he wanted you to do the
>           8    investigation and then just don't tell him about it?
>           9        A   As I said, I don't recall.
>          10        Q   Who would recall?
>          11        A   Well, Mr. Fertig would, but he's not alive
>          12    anymore.
>          13        Q   And other than Mr. Fertig, did you tell
>          14    anybody else about this investigation, and the people
>          15    you just mentioned?
>          16        A   I don't recall.
>          17        Q   After this investigation was done and you
>          18    took these notes, when is the next time you saw these
>          19    notes?
>          20        A   I don't know.
>          21        Q   Did you see these at any time in 2004?
>          22           MR. KEISER: I'm going to object to this line
>      0024
>           1    of questioning because you're not allowed to be asking
>           2    about all of the times that she wrote notes.  If you
>           3    want to ask her about the notes at the time of the
>           4    investigation as they go to the questions and answers
>           5    provided, that's fine, but the issue of the notes being
>           6    produced has already been ruled upon by the Judge.
>           7            MR. FARLEY: No, counselor, actually they're
>           8    not.  And if you want to move for a protective order,
>           9    we can end this deposition right now, or she can answer
>          10    the questions.  These go directly to these documents,
>          11    and I'm reading right from the documents, and I'm
>          12    asking about these documents, and I can ask about these

      13     documents as the Court said.
      14         MR. KEISER:  No.  The Court said you can ask
      15     about the questions and answers provided during the
      16     June 2003 investigation.  So if you want to ask her
      17     about the documents, ask her about the documents.

**B. Plaintiff Is Entitled to the Documents**

The documents requested are relevant and necessary because Plaintiff has been denied a straight answer concerning the two investigations that were held on June 26, 2003 and June 27, 2003. These notes will reveal if McComish knew of M.K.'s statement on June 25, 2003 or not. There has been much litigation on this point and plaintiff should not have to litigate issues if Defendant is hiding information in McComish's notes.

Even if the documents were privileged, Banks has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Banks asked McComish about the information in her notes, she claimed not to be able to recall - more than 110 times in her deposition. McComish Dep., pg. 14-15.

The information goes directly to Banks proving pretext because Banks and M.K. were accused by SAA managers of making the same statement. Banks was fired for allegedly making his statement, M.K. was not disciplined in any way. Throughout discovery Defendant did not reveal M.K.'s statement or the June 26, 2003 investigation into S.R.'s possible discriminatory animus. Banks never made a discriminatory statement and he believes the reason the SAA gave for his termination was pretext. The June 26, 2003 investigation supports Banks' belief, however, Banks needs McComish's notes to show pretext.

**C. Defendant Should Produce the Notes - They Were Not for Litigation**

There is no indication that the documents were prepared in anticipation of litigation. McComish's deposition testimony is fatal to Defendant's privilege claim based on any litigation claim.

```
16      Q  Was anybody else around when Doug Fertig told
17   you to do these interviews?
18      A  I don't recall.
19      Q  How did he tell you to do these interviews?
20      A  He spoke to me.
21      Q  Where did he speak to you?
22      A  I don't recall.
0019
 1      Q  Did he give you anything in writing?
 2      A  I don't recall.
 3      Q  Did he give you an e-mail?
 4      A  I don't recall that.
 5      Q  Did he tell you anybody was suing the
 6   Sergeant-at-Arms?
 7      A  I don't recall that.
 8      Q  Did he tell you anything about a lawsuit
 9   against the Sergeant-at-Arms?
10      A  Lawsuits in general?
11      Q  Yes.
12      A  On this occasion?
13      Q  Yes.
14      A  No, I don't recall.
15      Q  So he never told you that you were doing this
16   interview, these interviews, for anything to do with a
17   lawsuit?
18      A  I don't recall him saying that, no.
```

McComish Dep., pg. 18-19.

Finally, Defendant has told the Court that they knew of M.K.'s statement prior to June 26, 2003. McComish's notes should be produced to confirm that she had this information. McComish's deposition testimony consisted of her informing counsel that she could not recall more than 110 times. There were times that McComish would change her testimony. *See* McComish Dep., pg. 14-

15.

**WHEREFORE**, plaintiff respectfully requests the Court compel Defendant to provide Banks with the documents which are responsive to Plaintiff's Request for the Production of Documents as is required by the Rules of Civil Procedure.

Respectfully submitted,

 /s/ William P. Farley
William P. Farley #466280
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, D.C.  20006
(202) 293-3200
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROY BANKS,** | ) | |
| Plaintiff, | ) | Civil No.: 03CV0056 (HHK)(JMF) |
| | ) | 1:03CV00686 (HHK/JMF) |
| | ) | 1:03CV02080 (HHK/JMF) |
| v. | ) | |
| **OFFICE OF THE SENATE SERGEANT-AT-ARMS and DOORKEEPER** | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Compel Production of Documents, Plaintiff's memorandum of points and authorities in support thereof, the Defendant's opposition, if any, thereto, Plaintiff's Reply and the record herein, it is the ___ day of _____ 2005 hereby:

**ORDERED** that the Plaintiff's motion be and hereby is **GRANTED**, and it is further

**ORDERED** that Defendant's position was not substantially justified.

_____
United States District Court Judge

Copies to:
William P. Farley 466280
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
Counsel for Plaintiff

Matthew D. Keiser, Esquire
Senate Senior Counsel for Employment
Office of the Senate Chief Counsel for Employment
Suite SH-103
Washington, D.C. 20510-7130
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion to Compel Production of Documents was served on defendant by the Court's Electronic Filing System, on this 19th day of August 2005 to:

        Matthew D. Keiser, Esquire
        Senate Senior Counsel for Employment
        Office of the Senate Chief Counsel for Employment
        Suite SH-103
        Washington, D.C. 20510-7130
        Counsel for Defendant


        /s/ William P. Farley
        William P. Farley 466280
        McDonald & Karl
        900 17th Street, N.W., Suite 1250
        Washington, D.C. 20006
        (202) 293-3200 (telephone)
        (202) 429-1851 (fax)
        Counsel for Plaintiff