# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROY BANKS,**

    **Plaintiff,**

    **v.**

**OFFICE OF THE SENATE SERGEANT-AT-ARMS and DOORKEEPER,**

    **Defendant.**

**Civil Action No. 03-56   (HHK/JMF)**
**Civil Action No. 03-686 (HHK/JMF)**
**Civil Action No. 03-2080(HHK/JMF)**

## ORDER

This case was referred to me for full case management.  On May 23, 2006, I issued an order instructing defendant, the Office of the Senate Sergeant-at-Arms and Doorkeeper ("SAA"), to submit *in camera* a statement as to why it contends that document number RB002326-RB002345 is protected from discovery by the attorney-client privilege, and the SAA has submitted the required statement.  In that statement, the SAA indicated that it is now only asserting the attorney-client privilege for pages numbered RB002326-RB002331 and that is has produced to plaintiff pages numbered RB002332-RB002345.  Based on my review of the document and the SAA's *in camera* statement, I will sustain the SAA's claim of attorney-client privilege for RB002326-RB002331 on the ground that it reveals a communication from SAA to its counsel that the SAA intended to remain confidential and was made for the purpose of securing legal advice or services.

In its *in camera* statement, the SAA also made a request that is, in effect, a request for me to reconsider my prior ruling sustaining in part and denying in part attorney-client protection for RB012942. Memorandum Opinion dated May 23, 2006 at 29.  It was inappropriate for the SAA

to make such request as part of its *in camera* submission.  A motion for reconsideration must be made as a motion so that the opposing party is on notice of the request and has an opportunity to respond.  The SAA's present request appears to have been made without plaintiff's knowledge.

However, even if the request had been properly asserted as part of a motion for reconsideration, I would have denied such motion on the ground that, although the sentence at issue may indicate the intention to communicate something to counsel in the future, it does not reveal an actual confidential communication from a client to its attorney.  I also note that plaintiff is correct to point out that, with regard to document number RB012941, the chart in my May 23, 2006 Memorandum Opinion should have stated that the attorney-client privilege is sustained for the second paragraph, as opposed to the "second sentence."

**SO ORDERED.**

Dated:                                                          _____
                                                                JOHN M. FACCIOLA
                                                                UNITED STATES MAGISTRATE JUDGE