## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                       )
ROY BANKS,                                             )
                                                       )
        Plaintiff,                                    )
                                                       )
        v.                                            )      Civil No. 03-56 (HHK/JMF)
                                                       )      Civil No. 03-686 (HHK/JMF)
OFFICE OF THE SENATE SERGEANT-                         )      Civil No. 03-2080 (HHK/JMF)
AT-ARMS and DOORKEEPER,                                )
                                                       )
        Defendants.                                   )
_____)

## MEMORANDUM OPINION and ORDER

        This case was referred to me for full case management.  Currently pending before

me is Plaintiff's Rule 37 Motion for an Order Precluding Defendant from Offering

Testimony Concerning the Subject Matter of Plaintiff's Rule 30(b)(6) Notice of

Deposition and Federal Rules of Evidence, Rule 612 Request for Documents [#208]

("Pls. Mot.").  For the reasons stated herein, Plaintiff's motion will be denied in its

entirety, and a new scheduling order for briefing of dispositive motions shall be ordered.

## I.      BACKGROUND

        Plaintiff Roy Banks ("Banks" or "Plaintiff") brought these now consolidated Title

VII cases alleging that his former employer, the Office of the Senate Sergeant-at-Arms

and Doorkeeper ("SAA" or "Defendant"), engaged in several unlawful discriminatory

actions against him. See Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper,

222 F.R.D. 7, 9 (D.D.C. 2004).  The Plaintiff alleges that: (1) he was denied a promotion

to branch manager because of his race; (2) he was retaliated against for seeking

counseling with the Office of Compliance; (3) he was subjected to a hostile work

environment based on his race, age, disability, or sex; (4) he was discriminated against

because of his sex; (5) he was denied leave under the Family and Medical Leave Act

because of his sex, race, or the fact that he filed complaints of discrimination; (6) he was

denied an accommodation for his disability; (7) he was denied disability leave; (8) he was

terminated because of his race, age, disability, sex, or in retaliation for filing complaints

of discrimination; and (9) the Defendant improperly handled his compensation claims. Id.

The parties have engaged in substantial litigation regarding discovery.  Following

discussion between the parties, the Court approved of topics for a Rule 30(b)(6)

deposition of the Defendant by Minute Order on April 27, 2006.  The Defendant then

designated three SAA managers as deponents, and depositions were taken in July 2006.

See Defendant's Opposition to Plaintiff's Rule 37 Motion ("Opp.") at 2.  In this

memorandum opinion, I resolve the question of whether Plaintiff is entitled to sanctions

for the Defendant's responses to three of the topics at the Rule 30(b)(6) deposition.  I also

address Plaintiff's request for all documents reviewed by the Rule 30(b)(6) deponents in

preparation for their testimony "and refreshing their recollections,"  Pls. Mot. at 2, and

his requests for attorneys' fees and costs relating to the Rule 30(b)(6) deposition and the

instant motion, Pls. Mot. at 17.

## II.      LEGAL STANDARD TO IMPOSE SANCTIONS UNDER RULE 37

District courts are entrusted with broad discretion regarding whether to impose

sanctions under Rule 37 and the nature of any sanctions to be imposed. Bonds v. District

of Columbia, 93 F.3d 801, 808 (D.C. Cir.1996).  However, a court's discretion is not

without limits. As this Circuit has emphasized, any sanctions awarded must be

proportional to the underlying offense. Id.   When considering severe sanctions, a district

court considers the resulting prejudice to the sanctioned party, prejudice to the judicial system, and the need to deter future similar misconduct. Id.

As he has previously done in this case, Plaintiff seeks an extraordinary remedy of precluding the SAA from offering testimony at trial as to the subject matter of the Rule 30(b)(6) Notice of Deposition.  He seeks an Order finding that (1) the Defendant failed to comply with its obligations under Rule 30(b)(6); (2) the Defendant willfully violated court orders relating to the Rule 30(b)(6) deposition; and (3) the Defendant failed to appear for the deposition,[1] which Plaintiff contends merits a finding of stipulated facts, including (a) the SAA did not have a legitimate non-discriminatory reason to terminate Banks; (b) the SAA failed to promote Banks for discriminatory reasons and "the decision maker's sources of information about plaintiff was (sic) polluted by racial bias that poisoned the well"; and (c) the SAA decided to isolate and terminate Banks because he filed complaints related to these actions. Pls. Mot. at 16-17.  Plaintiff is, in effect, seeking a default judgment.  Such relief requires a showing that the violation of the rule or of the court's orders pertaining to discovery is so gross that no lesser sanction is appropriate. Zenian v. District of Columbia, 283 F. Supp. 2d 36 (D.D.C.2003).

## III.    THE RULE 30(b)(6) DEPOSITION

Plaintiff disputes the adequacy of the answers to three of the eight topics addressed at the deposition.  Mr. Richard Edwards ("Edwards"), the SAA's Administrative Assistant to the Sergeant-at-Arms, was designated the deponent for all three topics at issue, including Topics 2, 4, and 8. See Pls. Mot., Ex. 1, List of Deponents

---

[1] Since all three Rule 30(b)(6) deponents physically appeared and testified at the deposition, this contention is based on the alleged inadequacy of the testimony. See Pls. Mot. at 2, 17.

for Plaintiff's Rule 30(b)(6) Deposition ("List") at 2.  Generally, Plaintiff argues the

Senate Sergeant-at-Arms failed in its duty to prepare Edwards for the deposition.

      A.     Legal Standard for Preparation of  Rule 30(b)(6) Designated Deponents

      Rule 30(b)(6) allows a party to depose a corporation through representatives

designated by the corporation; the designee's testimony is then generally admissible as a

statement of the corporation. McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70,

79 (D.D.C. 1999); Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp. 2d 82, 94

(D.D.C. 1998).  A primary purposes of the Rule 30(b)(6) deposition is to "curb the

'bandying' by which officers or managing agents of a corporation are deposed in turn but

each disclaims knowledge of the facts that are clearly known to the organization and

thereby to it." Fed. R. Civ. P. 30(b)(6) advisory committee notes.  Once a requesting

party describes with reasonable particularity the matters on which examination is

requested, a series of duties fall on the responding corporation. Alexander v. Fed. Bureau

of Investigation, 186 F.R.D. 137, 139-41 (D.D.C. 1998).  First, the responding party must

designate a deponent knowledgeable on the topic. Id. at 141.  Second, the responding

party must designate multiple deponents if more than one is necessary to respond to all

designated topics. Id.  Finally, the responding corporation must prepare the deponent so

that he or she can testify on matters both within his or her personal knowledge as well as

those "reasonably known by the responding entity." Id.; U.S. ex rel Fago v. M&T Mort.

Corp., 235 F.R.D. 11, 23 (D.D.C. 2006).

      Plaintiff's interpretation of the duty of a corporation to prepare the designated

deponent "beyond matters personally known to the designee or to matters in which that

designee was personally involved" suggests an expectation that the deponent must

investigate not just facts reasonably known to the corporation, but *any* fact potentially relevant to the described topic known by any employee of the corporation. See Pls. Mot. at 5 (quoting Poole v. Trextron, Inc., 192 F.R.D. 494, 504 (D. Md. 2000)). Plaintiff cites to a recent decision in the District Court of Maryland to support the proposition. Pls. Mot. at 5; see also Wilson v. Lakner, 228 F.R.D. 524, 528 (D. Md. 2005).  In Wilson, the court found a hospital failed to adequately prepare Rule 30(b)(6) deponents regarding how a sponge was left inside the abdomen of a surgery patient and her consequent depressed respiration. Wilson, 228 F.R.D. at 526.  The hospital engaged in the very "bandying" behavior Rule 30(b)(6) seeks to prevent; it designated deponents with no knowledge of any of the relevant facts and instead referred the requesting party to documents and interrogatory responses, and then claimed privilege as to any investigation the hospital conducted relating to the surgical mistake.  Id. at 526-27.

As Plaintiff states, the court in Wilson held that "the organization is expected to create a witness or witnesses with responsive knowledge.  In no sense is a 30(b)(6) deposition limited to a witness or witnesses who can authenticate documents or identify other possible fact witnesses." Pls. Mot. at 5.  The court's decision does not, however, require an investigation to the extent Plaintiff demands.  Specifically, the opinion also states the designated deponent must be prepared "to the extent that matters are *reasonably available*." Wilson, 228 F.R.D. at 528 (emphasis added).  As the court acknowledged, "[o]bviously a rule of reason applies." Id. at 528 n.7.

An examination of the deposition responses about which Plaintiff complains shows that Edwards satisfactorily responded to questions he was designated to answer.

He did not engage in the "bandying" behavior contemplated by the advisory committee to the Federal Rules.  I take each topic in turn.

        1.        *Topic 2: Knowledge of Termination of Plaintiff's Employment*

Topic 2 allows Plaintiff to "pursue discovery regarding the identity of the person making the final decision regarding Mr. Banks's termination and the information considered by the final decision maker when determining the proper discipline to impose on Mr. Banks." List at 2.  Edwards testified that Mr. Keith Kennedy ("Kennedy"), the SAA Deputy Sergeant-at-Arms at that time, was the final decision-maker regarding Plaintiff's termination. Pls. Mot., Ex. 6, Excerpts of Deposition Transcript of Mr. Richard Edwards ("Edwards Dep. Excerpts"), at 5.  He further testified that he was present at the meeting where Kennedy and the other SAA managers discussed Plaintiff's termination and indicated what information the participants, including Kennedy, considered that ultimately led to Kennedy's decision to terminate Plaintiff at the end of that meeting.  Id.; see also Opp. at 5.

As to Topic 2, Plaintiff provides minimal argument as to the inadequacy of the testimony of Edwards; primarily, he simply quotes the pertinent section of the deposition. Pls. Mot. at 6-7.  By inference, Plaintiff appears to suggest that Edwards should have provided, in addition to all of the factors considered in the meeting, the precise inner workings of Kennedy's thoughts that he may not have articulated at the meeting that related to the termination of Plaintiff's employment.  Plaintiff's counsel asked Edwards if he conducted an investigation "to find the reasons and every reason that Mr. Kennedy used in terminating Mr. Banks." Pls. Mot. at 7.  But Topic 2 permits discovery into (a) who made the decision to terminate Banks and (b) what information that decision-maker

indicated he was taking into account to decide to fire Banks.  Edwards's duty was to

testify as to what he saw and heard at the meeting.  It was not Edwards's duty to discuss

the inner workings and unexpressed motives that may have influenced Kennedy's

decision but that Kennedy did not formally articulate.

Edwards, present in the very meeting at which Plaintiff's termination was

considered and discussed, provided responses based on his own personal knowledge of

the identity of the final decision-maker and of the factors taken into account by that

decision-maker in terminating Plaintiff's employment as Edwards perceived them to be.

Doing that met the only obligation he reasonably had.  He could not have been obliged to

state what other reasons Kennedy had when Kennedy did not articulate them in

Edwards's presence.

2.      *Topic 4: Selection of Branch Manager*

Edwards was also the designated deponent to respond to inquiry into "(1) the

identity of the decision makers who presented Mr. Rouse and Mr. Banks for the Branch

Manager position to Mr. Lenhardt; (2) the process they used; and (3) their roles in

selecting the Branch Manager." List at 3.  Edwards identified Ms. Anne Harkins

("Harkins") as the decision-maker to offer the names of the two candidates to Mr.

Lenhardt, but he did not speak to the process she used in concluding as she did. Pls. Mot.

at 8.  He indicated that Harkins would have to speak to the process she used.  He did state

that he and Harkins discussed the candidates, because whoever got the job would report

to him.  Id.

Plaintiff relies on this Court's standard in U.S. ex rel Fago, which required the

defendant to prepare its Rule 30(b)(6) deponent "so that she could testify on matters not

only within her personal knowledge, but also on matters known to M&T." <u>Fago</u>, 235
F.R.D. at 24.  Plaintiff's reliance on <u>Fago</u> in this instance is misplaced.  In <u>Fago</u>, the
deponent was not able to testify as to procedures *in place* and *already known* to the
corporation for quality control; in other words, she had not educated herself on known
aspects of the defendant's quality-control process. <u>Id.</u>  In contrast, the deponent at issue
here (as in earlier proceedings in this action) was unable to respond to inquiries about
things that may or may not have been known to the corporation.  <u>See</u> <u>Banks</u>, 222 F.R.D.
at 19.

 Furthermore, the names provided to Harkins came from Edwards himself.
Edwards Dep. Excerpts at 9 ("I would say Anne Harkins did and Anne Harkins asked me
for the two candidates.").  Yet Plaintiff's counsel never questioned Edwards as to the
process he used to provide the names to Harkins.  Instead, he advances the confusing
argument that Edwards should have spoken to Harkins prior to the deposition so that
Edwards could testify as to what Harkins told him when he asked what process she used.
There is nothing in <u>Fago</u> that could possibly be construed to mean that one corporate
representative has the responsibility to anticipate whether another corporate
representative has additional information that is not based on the company's policies,
procedures, or files, but on the actions and motives of another corporate representative
who has made a particular decision.  Here, Edwards identified the decision-maker, the
information she gathered, and himself as a source.  That sufficed to fulfill the
responsibility I imposed when I issued the Rule 30(b)(6) order.

 Moreover, this Court has already concluded that the process leading to Plaintiff's
nomination for the branch manager position is legally irrelevant to his remaining claims.

Banks, 222 F.R.D. at 16; see also Opp. at 10.  Banks simply "cannot claim that he was discriminated against during the first round of application decisions because he survived that round and was named as a finalist."  Banks, 222 F.R.D. at 16.

The standard for sanctions articulated by Bonds requires a showing of irreparable prejudice.  See Bonds, 93 F.3d at 808.  The only prejudice possible in this instance is the inability to secure irrelevant information that cannot serve as the basis for any aspect of Plaintiff's remaining claims.  Notwithstanding the confusion inherent in Plaintiff's position and the Defendant's response, it is unreasonable to base sanctions on the failure to provide irrelevant information, especially a sanction as severe as to effectively find in favor of the Plaintiff and end the litigation entirely.

      3.     *Topic 8: Counseling of Plaintiff*

Finally, Edwards was also the designated deponent to provide discovery "regarding formal or informal counseling received by Mr. Banks" due to his complaints, "including counseling given by Rick Edwards, Skip Rouse, Jean McComish, and Doug Fertig." List at 4.  Plaintiff argues that Edwards "used semantics to evade/avoid providing the discovery." Pls. Mot. at 10.

In response to questioning, Edwards stated that he was "not aware of any counseling or reprimand either formal or informal that occurred because of [Plaintiff's] Office of Compliance complaints." Id.  Edwards asserted two additional times in his deposition that Banks did not receive any type of counseling as a result of his complaint. Opp. at 11-12.  Furthermore, in his position, Edwards would have known of any counseling provided to Plaintiff as notice would have necessarily gone to him prior to any counseling that took place. Id. at 12.

Plaintiff's argument focuses on the complaint of June 10, 2002, that Banks made to Edwards concerning Mr. Rouse. <u>See</u> Pls. Mot. at 12.  The heart of the dispute is the terminology for Edwards's conversation with the Plaintiff regarding this complaint; the Plaintiff apparently considers it "counseling" while the Defendant terms it an "investigation or meetings or conferences." <u>Id.</u>  Accordingly, Plaintiff argues "Defendant prepared the witness in a way that made the Rule 30(b)(6) Topic concerning counseling . . . unanswerable." <u>Id.</u>

But Edwards explained the use of the term "counseling" as it is used by the SAA to clarify how it is distinguished from other types of communication with SAA employees. <u>See</u> Opp. at 13.  The Defendant would have no reason to expect Topic 8 to apply to all forms of communication between the SAA and its employees when the topic expressly refers to "counseling."  Edwards answered the questions presented in accord with the company's use of the term and fulfilled his obligations pursuant to Rule 30(b)(6).

## III.   SANCTIONS

The courts understandably must guard against the gamesmanship of a company avoiding deposition topics by, for example, naming as a 30(b)(6) witness a person who knows nothing about the topics and does nothing to inform himself about them so that his deposition threatens to be a series of cynical "I do not know" statements. <u>See e.g.</u>, <u>In re Vitamins Antitrust Litigation</u>, 216 F.R.D. 168 (D.D.C. 2003).  Nothing Plaintiff has presented suggests the responses of Edwards fall into the category of behavior that courts attempt to prevent by Rule 30(b)(6) deponents.  Plaintiff's arguments cannot possibly merit the sanctions he proposes.  Indeed, the remedy Plaintiff seeks amounts to a finding

in his favor, disposing of the lawsuit in its entirety.  To the contrary, I find that Edwards

adequately answered the questions posed on behalf of the SAA regarding the topics for

which he was designated.

Plaintiff's primary contention is the deponent's failure to investigate information

to respond to the topics presented.  Once Edwards spoke of what he personally knew and

what others did or might know, he fulfilled his responsibility for purposes of binding the

SAA through Rule 30(b)(6) deposition testimony.  See Banks, 222 F.R.D. at 19.

Designation as a Rule 30(b)(6) deponent does not require Edwards to conduct detailed

independent investigations beyond what is reasonably known to the company.  That, in

essence, would be to investigate Plaintiff's case for him.  The Court finds Edwards

adequately responded to deposition inquiry to bind the corporation for purposes of cross-

examination at trial.  Plaintiff's request for sanctions is denied.

## IV.   REQUEST FOR DOCUMENTS

Plaintiff also requests all documents reviewed by the Rule 30(b)(6) witnesses in

preparing for their testimony and refreshing their recollections. Pls. Mot. at 2.  Federal

Rule of Evidence 612 states in part:

> Except as otherwise provided in criminal proceedings by section 3500 of
> title 18, United States Code, if a witness uses a writing to refresh memory
> for the purpose of testifying, either—
>> (1) while testifying, or
>> (2) before testifying, if the court in its discretion determines it is
>> necessary in the interests of justice,
> an adverse party is entitled to have the writing produced at the hearing, to
> inspect it, to cross-examine the witness thereon, and to introduce in
> evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612.

Plaintiff argues entitlement to the documents to know what investigation deponents conducted to answer his Rule 30(b)(6) questions.  Id. at 14.  However, nothing indicates Plaintiff's counsel subpoenaed the documents prior to the deposition.  I will not order the SAA to produce them now.  Nor do we know which documents will be produced as exhibits at trial, which could render Plaintiff's request moot.  Nothing suggests it is "necessary in the interests of justice" to produce documents at this stage due to Plaintiff's failure to subpoena them or that may be produced as a matter of course.  I therefore deny Plaintiff's request.

## VI.    BRIEFING SCHEDULE

In my Memorandum Opinion of September 14, 2006, I vacated my previous order that required filing of all dispositive motions sixty days after the completion of the Rule 30(b)(6) deposition until such time that Plaintiff's instant motion was resolved.  Now having done so, I instruct parties to submit a joint proposed revised briefing schedule for dispositive motions no later than April 11, 2007.

## V.    CONCLUSION

In accordance with this Memorandum Opinion, Plaintiff's Motion for Rule 37 sanctions, production of documents, and attorneys' fees and costs is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Parties are to submit by April 11, 2007, a joint revised briefing schedule for dispositive motions.

**SO ORDERED.**

_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: March 27, 2007